IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

SHILO A. RIGGS,

    **Plaintiff,**

v.                                      CIVIL ACTION No.: 1:17-CV-17
                                            (JUDGE KEELEY)

**WILLIAM WYATT and**
**JANET WYATT,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to a referral order from District Judge Keeley. (ECF No. 4). Plaintiff's *pro se* complaint and summons were served on Defendants on April 17, 2017. (ECF Nos. 8 & 9). The Defendants having failed to respond, the Clerk was directed to enter a default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 10). In that order, the court distinguished the Rule 55(a) default ordered from a default judgment under Rule 55(b)(2). Subsequently, on June 16, 2017, Plaintiff filed a *pro se* motion for default judgment. (ECF No. 14). The undersigned recommends that Plaintiff's motion be denied without prejudice, for the following reasons.

In her *pro se* motion, Plaintiff stated:

> I read over rule 55a and it stated that the courts needed a plaintiff's request for action. I, Shilo Riggs, requested $75,000 and that the Defendants could not file taxes for others as a cpa [sic] does. I, hereby request that I be granted the $75,000 and that the defendants can no longer file taxes for other people.

(ECF No. 14). (The undersigned observes that although Plaintiff stated "rule 55a," the portion of the rule circled by Plaintiff in her filing is actually Rule 55(b)(1).)

Federal Rule of Civil Procedure 55(a) governs the entry of a default. In order to obtain a default, Rule 55(a) requires only that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, the Defendants' failure to plead or otherwise defend was clear from the docket, and thus the clerk's entry of a Rule 55(a) default was proper. However, there are additional requirements to obtain a default *judgment* under Rule 55(b).

Federal Rule of Civil Procedure 55(b) governs entry of default judgments and provides for two mechanisms through which this may be done – by the clerk (Rule 55(b)(1)), or by the court (Rule 55(b)(2)). Rule 55(b)(1) provides that the clerk may enter a default judgment against a "defendant who has been defaulted for not appearing," so long as certain requirements are met: a plaintiff's request must be accompanied by "an affidavit showing the amount due," and that amount must be a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Here, Plaintiff's request was not accompanied by an affidavit. Although her request for "$75,000" is a certain amount, Plaintiff's complaint is insufficient to determine what precisely that amount represents, or how Plaintiff arrived at it. Plaintiff therefore has not satisfied the requirements for entry of default judgment by the Clerk under Rule 55(b)(1) at this time.

As to entry of default judgment by the Court, Rule 55(b)(2) provides that:

> In all other cases, the party must apply to the court for default judgment . . . The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Id. Before the court reaches consideration of any of these actions, however, there must first be a complaint sufficient to sustain the action. Southern General Ins. Co. v. O'Keefe, 275 F.Supp. 107, 109 (D. Md. 1967) ("Pursuant to Rule 55(b)(2), this Court is empowered to order [a default]

judgment on the basis of a *well-pleaded* complaint and affidavit where the defendants have failed to file any answer at all").

Here, Plaintiff's complaint does not make clear what her cause of action is, and the undersigned cannot intuit what it is intended to be. Nor are there facts in the complaint that, if true, would suffice. Plaintiff provided the facts of her case as follows:

> Mr. + Mrs. Wyatt sued me with checks they claim I signed, when I went to my bank to see if any of those checks were in my account, the bank manager said they were fake. Mr. + Mrs. Wyatt also printed out my W2's to use as evidence against me according to all information I have looked up, it is a federal offence [sic] to do so without the permission of the person. I am not the first person that they have created false information against to sue in a court of law! Randolph county sheriff's department looked over all information and suggested I open a federal case due to fraud. The IRS + FBI are now looking over all the other cases in which the Wyatts have sued people in the same manner. And Randolph Co. Sheriffs dep[artmen]t also noticed that my name was forged in different signatures on checks.

(ECF No. 1 at 2.)

Plaintiff notes that the Wyatts' alleged improper use of her W-2 forms is a "federal offence" [sic], and further elaborates that that matter is being investigated by the proper entities and/or authorities. These would appear to suggest a criminal – rather than civil – matter, as far as this claim is concerned.

As to Plaintiff's other allegation, that the Defendants "sued [her] with checks they claim [she] signed," it is unclear what precisely Plaintiff's intended civil cause of action is. Plaintiff provides no details regarding this alleged prior action, and insufficient facts to determine what, if any, civil cause of action Plaintiff's allegations here might fall under. To the extent Plaintiff states the Randolph County Sheriff's Department suggested she "open a federal case due to fraud," Plaintiff has not alleged facts that would, if true, support a fraud action, given the elements.

Further, Plaintiff indicated in her complaint that her case was based in both federal question and diversity jurisdiction. (ECF No. 1 at 1). As to diversity jurisdiction, though the parties are residents of different states, Plaintiff has not alleged a sufficient amount in controversy to sustain diversity jurisdiction. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdictions of all civil actions where the matter in controversy *exceeds* the sum or value of $75,000, exclusive of interests and costs") (emphasis added).

As to federal question jurisdiction, Plaintiff did not specify which federal statute or provision of the United States Constitution her claim has its basis in. 28 U.S.C. § 1331. Nor, as explained above, can the undersigned intuit what Plaintiff's intended cause of action is in order to determine which statute or provision may apply.

For all of these reasons, Plaintiff's complaint does not suffice in its current state to show that this court has either diversity or federal subject matter jurisdiction in the first instance in order to make any determinations on the matter. As a result, the undersigned cannot grant Plaintiff's motion for a default judgment given the state of the complaint at present. The undersigned also notes that part of the relief requested by Plaintiff is not relief this court could grant, even if all of the aforementioned deficiencies were cured. Plaintiff asks that the Defendants "can no longer file taxes for other people." (ECF No. 14). Whether Defendants are licensed CPAs or have their licenses suspended is a matter for the relevant licensing or professional board governing that field, not for this court. The undersigned therefore **RECOMMENDS** that Plaintiff's motion (ECF No. 14) be **DENIED without prejudice**.[1]

---

[1] Rule 55(b)(2) authorizes the court to "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." However, the undersigned is unable to hold an evidentiary hearing or resolve evidence without jurisdiction or a clear cause of action. However, because Defendants have not responded, the complaint may still be amended under Rule 15. Accordingly, although denial of Plaintiff's motion is appropriate at this time, that does not preclude the possibility that such a motion could be viable in the future.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is **DIRECTED** to provide a copy of this order to all *pro se* parties of record by certified mail, return receipt requested, at their last known address on the docket.

Entered this 31st day of August, 2017.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE