**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SHILO RIGGS,**

      **Plaintiff,**

**v.**                     //     **CIVIL ACTION NO. 1:17CV17**
                                    **(Judge Keeley)**

**WILLIAM WYATT and
JANET WYATT,**

      **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22]
AND DISMISSING COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

On February 6, 2017, the pro se plaintiff, Shilo Riggs ("Riggs"), filed a complaint against the defendants, William Wyatt and Janet Wyatt (Dkt. No. 1). Citing diversity and federal question jurisdiction, Riggs claims that the defendants fraudulently "sued [her] with checks they claim [she] signed." Id. at 2. For relief, she seeks $75,000 and an injunction ordering the defendants "to pay the other people they've sued" and providing that Janet Wyatt may no longer practice as a certified public accountant. Id. at 3. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to the Honorable Michael J. Aloi, United States Magistrate Judge (Dkt. No. 4).

When the defendants failed to plead or otherwise defend the action within 21 days of being served with summonses, Magistrate Judge Aloi directed the Clerk to enter default pursuant to Fed. R. Civ. P. 55(a) (Dkt. Nos. 10; 11). On June 16, 2017, Riggs moved for default judgment pursuant to Fed. R. Civ. P. 55(b), requesting that

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22]
AND DISMISSING COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]

she "be granted the $75,000 and that the defendants can no longer file taxes for other people" (Dkt. No. 14).

Reasoning that Riggs's complaint failed to establish subject matter jurisdiction or a clear cause of action, Magistrate Judge Aloi concluded that its allegations were insufficient to warrant default judgment and recommended that the Court deny Riggs's motion (Dkt. No. 16 at 4). Despite being informed of her right to do so, Riggs did not file any objections. The Court adopted Magistrate Judge Aloi's recommendation on October 4, 2017 (Dkt. No. 18).

On November 11, 2017, Magistrate Judge Aloi entered an order directing Riggs to show cause within 21 days why this case should not be dismissed without prejudice for her failure to prosecute (Dkt. No. 20). The order further notified Riggs "that failure to respond and show cause may result in the dismissal of her case from the active docket of this court." Id. at 2. Although she accepted service of the show cause order on November 13, 2017 (Dkt. No. 21), Riggs failed to take any further action. On December 4, 2017, Magistrate Judge Aloi thus entered a report and recommendation ("R&R"), recommending that the Court dismiss this case without prejudice for failure to prosecute (Dkt. No. 22). Riggs accepted service of the R&R on December 11, 2017 (Dkt. No. 23), but still has not responded to the show cause order.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22]**
**AND DISMISSING COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

The Court has the inherent authority to dismiss actions <u>sua sponte</u> when litigants fail to prosecute them. <u>See</u> <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 654 (4th Cir. 2006) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626 (1962)). Given Riggs's failure to respond to Magistrate Judge Aloi's show cause order after receiving notice on two occasions that her complaint was subject to dismissal for failure to prosecute, the Court:

1)  **ADOPTS** the R&R (Dkt. No. 22); and

2)  **DISMISSES** the complaint **WITHOUT PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

The Court directs the Clerk to enter a separate judgment order, to transmit copies of both orders to the <u>pro se</u> plaintiff, certified mail and return receipt requested, and to strike this case from the Court's active docket.

DATED: December 28, 2017.

/s/ Irene M. Keeley<br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE